# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICKIE L. ASHTON,** | : | CIVIL ACTION NO. 1:08-CV-1095 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **LUZERNE COUNTY CORRECTIONAL FACILITY**, et al., | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court is a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, filed on behalf of defendants. (Doc. 22.) For the reasons set forth below, the motion will be deemed unopposed and will be granted.

## I. **Procedural Background**

Plaintiff Vickie L. Ashton ("Ashton"), a former inmate at the Luzerne County Correctional Facility ("LCCF"), commenced this civil rights action on June 9, 2008, alleging that she was subjected to cruel and unusual punishment when she was transferred from the main LCCF facility to the work release building. (Doc. 1.) Defendants filed a timely answer (Doc. 15), and the matter proceeded through discovery. (Doc. 17.) At the conclusion of discovery, defendants filed a motion for summary judgment. (Doc. 22.) Ashton failed to file a brief in response to the motion. See L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . [or] shall be deemed not to oppose such motion.") Therefore, she was directed to

file a brief in accordance with L.R. 7.6, on or before May 29, 2009, and was cautioned that her failure to comply with the order may result in the granting of the motion or dismissal of this case for failure to prosecute. (Doc. 26, citing FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). Ashton failed to oppose the motion. Consequently, the motion is deemed unopposed.

I.     **Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.' Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)." Schiazza v. Zoning Hearing Bd.,

Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### III. **Statement of Material Facts**[1]

On June 2, 2008, while incarcerated at LCCF, Ashton was told to pack her belongings for transfer from the main facility to the female work release building. (Doc. 1, at 3.) Ashton refused to be transferred and, as a result, was issued a misconduct report and placed in "pre-hearing" misconduct lock-up. (Doc. 1, at 3; Doc. 24-4, at 2.) She filed a grievance, which resulted in her release from pre-hearing lock-up with the sanction of extra duty.[2] (Doc. 24-2 at 6, Deposition Transcript of Plaintiff ("Plaintiff's Dep.") at 14, lines 10-19.) She was informed that

---

[1] "A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1. The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id. Because Ashton failed to oppose defendants' statement, all facts contained therein are deemed admitted.

[2] Extra duty includes "anything that they required done that wasn't listed as a job for somebody. . . . " (Doc. 24-2 at 6, Deposition Transcript of Plaintiff, at 14, lines 10-19.

3

"[d]ue to overcrowding the decision was made to move you to the trailer. Because of the overcrowding you can not [sic] pick or choose where you are to be housed. You were ordered to pack-up and move to the trailer and you refused. Because of overcrowding we have no choice but to move females to the trailer as [minimal offenders] regardless of their situation." (Doc. 24-3, at 3, Doc. 1, at 3.)

"The inmate's assignment to a particular housing area is solely the decision of the Classification Committee. The classification of the inmate is undertaken to ensure their safety, the safety of other inmates and the security of the institution." (Doc. 24-5, LCCF Inmate Handbook, at 11.) Ashton acknowledges that housing is the decision of LCCF. (Doc. 24-2 at 6, Plaintiff's Dep. at 22, lines 1-11.) The work release facility is a less restrictive environment than the LCCF main facility (Doc. 24-2, at 9, Plaintiff's Dep. at 25, lines 1-7.) As a direct result of being housed in the work release facility, Ashton was able to enroll in school at the Allied Technical and Medical School. (Id. at 7, Plaintiff's Dep. at 17, lines 1-9.)

**IV.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

The Eighth Amendment does not mandate that prisons be free of discomfort. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Rather, a prisoner must show that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994) (citations omitted). To violate the Eighth Amendment, conditions of confinement must be dangerous, intolerable or shockingly substandard. Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 757 (3d Cir. 1979).

The prisoner must also show that the deprivation was sufficiently serious and that the defendants acted with deliberate indifference, *i.e.*, that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer, at 837; Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). "[D]eliberate indifference describes a state of mind more blameworthy than negligence," but "it is satisfied by something less than acts or omissions for the very

purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

It is undisputed that the conditions Ashton was exposed to as a result of her transfer from the main prison facility to the work release facility were less restrictive than those she encountered in the main facility and fall well short of the deprivations of basic human needs which trigger an Eighth Amendment violation. Ashton has failed to go beyond the pleadings and by affidavits, or by her deposition, or otherwise, designate specific facts showing that there is a genuine issue for trial. Consequently, defendants' motion for summary judgment will be granted.

An appropriate order accompanies this memorandum.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     July 15, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICKIE L. ASHTON,** | : | **CIVIL ACTION NO. 1:08-CV-1095** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LUZERNE COUNTY CORRECTIONAL FACILITY**, et al., | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of July, 2009, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion for summary judgment (Doc. 22) pursuant to Federal Rule of Civil Procedure is DEEMED unopposed, see L.R. 7.6, and is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                    S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge